SKINNER v. VALENTINE *et al.*, appellants.

*Contract — construction of — guaranty.*

W., who owned nine acres of land, upon which there was a mortgage amounting to a sum equal to $150 an acre, had sold and conveyed all of said land except about two acres. He then conveyed this two acres to H. and at the time executed an instrument containing this: "B. holding a mortgage of $150 per acre on the above specified land" (the two acres), "for which I bind myself," etc., "to cancel and pay when it shall become due and payable, leaving a fee simple right and title in the hands of H." Appended to this was a guaranty by S., wherein, for value received, he guarantied and engaged that W. "shall pay and discharge the within specified mortgage." *Held*, that the instrument and guaranty covered only the portion of the mortgage on the two acres last conveyed, at the rate of $150 an acre, and did not cover the whole mortgage.

APPEAL from a judgment in favor of plaintiff entered upon the verdict of a jury. The facts sufficiently appear in the opinion.

*M. Fairchild*, for appellants.

*L. A. Gould*, for respondent.

MILLER, P. J. This action was brought by the plaintiff, Andrew J. Skinner, as assignee of one Calvin Skinner, to recover a balance claimed to be due by virtue of an assignment of a bond and mortgage upon real estate from the said Calvin Skinner to the defendant Horace Valentine.

The cause was tried before Mr. Justice JAMES and a jury, at the Washington circuit in June, 1873.

It appeared upon the trial that Calvin Skinner was the owner of a bond and mortgage against one Shaw, upon which there was due the sum of $918.67, which mortgage was in January, 1870, assigned

to the defendant Valentine, having been forwarded to the defendant James Thompson to deliver to Valentine, upon payment of the amount due and unpaid upon the same. Thompson received and returned only $119, which was paid to him by Valentine, who claimed to retain the balance to satisfy the liability of said Calvin Skinner, upon a guaranty which he signed for one Walkley, which, with the instrument signed by said Walkley, was as follows:

"No. WHITE CREEK, *March* 28, 1857.

"Know all men by these presents, that I, B. W. Walkley of No. White Creek, county of Washington and State of New York, have this day bargained and sold to Horace Valentine and Phebe, his wife, *one acre and one hundred and fifty-three rods* of land for four hundred dollars per acre, bounded as follows: north by lands of William Ashton, south by lands of Reuben McClellan, east by lands of John S. Crocker, west by the new road, known as lands of the estate of Philip Blair deceased, the *widow Catharine Blair having* and holding in her possession during her life time, a mortgage of one hundred and fifty dollars per acre on the above specified land, for which I bind myself, heirs, executors and administrators to cancel and pay *when it shall become due and payable*, leaving a fee simple right and title in the hands of Horace Valentine and Phebe, his wife.

"Witness, L. WELLS. B. W. WALKLEY. [Seal.]

"For value received, I hereby guaranty and engage that the said B. W. Walkley shall pay and discharge the within specified mortgage.

"CALVIN SKINNER.

"No. WHITE CREEK, *March* 28, 1857."

Calvin Skinner admitted that the sum of $149.53, was to be deducted for interest on the sum of $150 per acre, which one acre and one hundred and fifty-three rods would have to pay in making up the interest upon Mrs. Blair's mortgage named in said instrument, and which sum due from him at that time amounted to $149.53, and claimed the balance, and Valentine, as assignee of the Blair mortgage, claimed that the guaranty covered the whole amount retained.

It also appeared that on the fourth day of April, 1855, the widow and heirs of Philip Blair, deceased, conveyed to Walkley nine acres

two rods and thirty-seven perches of land, and took back a mortgage for $1,459.68, to be paid one year after the death of the widow, with interest annually, payable to the widow during her natural life, according to the condition of the bond. The amount of the mortgage was $150 an acre for the land covered by it; it was duly assigned to Valentine, January 30, 1866. This was the only mortgage held against Walkley, and the widow was alive at the time of the trial. There was no deed to Valentine introduced in evidence, but it was considered as proved upon the trial that at the time of the conveyance to Valentine, Walkley had previously sold all the land except the said one acre and 153 rods by conveyances thereof duly recorded.

The plaintiff proved by Calvin Skinner that the consideration of the transfer of the bond and mortgage from him to Valentine was to pay the interest on the sum which the one acre and 153 rods would have to pay in making up the interest on Mrs. Blair's mortgage. This testimony was objected to by the defendant, the objection overruled, and the defendant duly excepted. The plaintiff also introduced a letter from Calvin Skinner to Thompson, which accompanied the assignment, in which it was stated that the interest on the Walkley claim was to be taken out.

There was no evidence that this was communicated to Valentine, and no agreement that Valentine should buy the Shaw mortgage previous to the time that he took Skinner's assignment thereof from the hand of Thompson.

The defendant's counsel claimed that the defendant had a right to deduct the interest on the whole of the Walkley mortgage, and the court held that the case was to be governed by the letter accompanying the assignment sent to Thompson, and that the guaranty was only for one acre and one hundred and fifty-three rods at $150 per acre, and that the direction in the letter was to pay the interest upon that amount, and when they deducted more, they deducted a greater sum than they had a right to according to the conditions upon which it was sent, and directed a verdict for the plaintiff for the amount claimed, to which exception was duly taken. The defendant's counsel also asked to submit the case to the jury, which was refused and an exception taken. The jury rendered a verdict in favor of the plaintiff in accordance with the direction of the court. A judgment was entered upon the verdict and the defendant appealed.

I am inclined to the opinion that the instrument signed by Walk-

ley and guarantied by Calvin Skinner only covered a portion of the mortgage given by Walkley on the land conveyed by him, and at the rate of one hundred and fifty dollars an acre upon the land stated in the instrument. The instrument recites a sale of one acre and one hundred and fifty-three rods for a price named; describes the land; states that Mrs. Blair holds a mortgage of one hundred and fifty dollars an acre on the "above specified land," that is, the one acre and one hundred and fifty-three rods; binds Walkley to pay, when due, not the whole, but what had previously been specified, and leave a fee simple in the land thus sold. If the whole mortgage was intended the last clause would have been inappropriate and out of place, for it is conceded that all the land but this had been sold to other parties. Besides, it would not have limited the mortgage to the land sold if it had been designed to cover and include the whole amount. The guaranty of Skinner cannot be construed to include any liability beyond the instrument guarantied, and it follows that Skinner was only liable for the amount then due on the land included in the agreement of Walkley. On the argument no point was made distinctly that the evidence of Skinner, as to the consideration, was inadmissible, but conceding that the construction placed upon the instrument, signed by Walkley, is correct, it is not important to consider that question.

I discover no evidence that the description of the land in the instrument embraces the entire premises covered by the mortgage, and if it had been designed to embrace other land than the quantity named, it should have been made to appear by evidence to authorize such a claim.

Nor is any presumption to be indulged from the payment of the amount named adverse to the plain import of the instrument, because that amount was $150 an acre. For any thing appearing in the case, provision had been made for the remainder if that question can be considered in opposition to the plain meaning of the paper itself.

The judge was right in his rulings, and the judgment must be affirmed with costs.

*Judgment affirmed.*